IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY JO CLARKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-1484 |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

O R D E R

AND NOW, this 20th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim

differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises several challenges to the Administrative Law Judge's ("ALJ") decision denying her disability insurance benefits. (Doc. No. 10). The Court finds that none of these challenges warrant remand of this matter. Instead, substantial evidence supports the ALJ's decision.

Plaintiff's first argument is that the ALJ erred by not applying Social Security Ruling ("SSR") 12-2p, governing the evaluation of fibromyalgia. (*Id.* at 12-14). The Court finds the ALJ properly determined that Plaintiff's fibromyalgia impairment was a medically determinable impairment at Step Two of the sequential process and that the ALJ's failure to specifically cite this ruling does not undermine that substantial evidence supports the decision. SSR 12-2p was created to provide "guidance on how we develop evidence to establish that a person has a medically determinable impairment (MDI) of fibromyalgia (FM), and how we evaluate FM disability claims and continuing disability reviews under titles II and XVI of the Social Security Act." SSR 12-2p, 2012 WL 3104869, at *1 (July 25, 2012). The ruling provides certain criteria for finding an MDI of fibromyalgia. Once an impairment is established, the ALJ engages in the five-step sequential analysis, specifically considering "the severity of the impairment, whether the impairment medically equals the requirements of a listed impairment, and whether the impairment prevents the person from doing his or her past relevant work or other work that exists in significant numbers in the national economy." *Id.* at *5.

Here, the ALJ found that Plaintiff suffered from fibromyalgia and that this constituted a severe impairment. (R. 57). As such, the Court finds the ALJ complied with SSR 12-2p even though the ruling was not cited or specifically mentioned within the ALJ's decision. *See, e.g.*, *Linke v. Berryhill*, No. 17-937, 2018 WL 3574912, at *3 (W.D. Pa. July 25, 2018) (collecting cases) (finding the ALJ complied with SSR 12-2p as he found the claimant had the MDI of fibromyalgia). Indeed, SSR 12-2p has no bearing on Plaintiff's appeal before this Court as the ALJ determined that Plaintiff's fibromyalgia was a severe impairment. Accordingly, Plaintiff's argument on this point fails.

Plaintiff next argues that the ALJ erred by rejecting her testimony, as it was supported by and consistent with the record. (Doc. No. 10 at 14-21). Plaintiff points to various points in the record supporting her testimony, including many of her own reports to various physicians and medical professionals. (*Id.* at 14-21, 29). It is well settled that the mere memorialization of a claimant's subjective complaints into a medical source's opinion does not transform those complaints into objective findings. *See Hatton v. Comm'r of Soc. Sec.*, 131 Fed. Appx. 877, 879 (3d Cir. 2005). The ALJ adequately compared Plaintiff's subjective complaints to the record as a whole and concluded that they were not entirely consistent with the record evidence. (R. 62). Accordingly, Plaintiff's argument on this point fails as well.

---

Likewise, the Court rejects Plaintiff's argument that the ALJ erred by rejecting her testimony because it was inconsistent with her daily activities and objective findings. (Doc. No. 10 at 27-31). Specifically, she contends that her daily activities were sporadic and cannot support a finding of non-disability. (*Id.* at 30-31). The Court first notes that daily activities are one factor, of many, that an ALJ should consider in evaluating the intensity and limiting effects of a claimant's impairments. 20 C.F.R. § 404.1529(c)(3)(i). Plaintiff is correct that a finding of non-disability may not be based on sporadic and transitory activities, such as a trip to Europe. *See Fargnoli v. Massanari*, 247 F.3d 34, 40 n.5 (holding the claimant's trip to Europe was a sporadic daily activity that could not be used to show an ability to engage in substantial gainful activity). However, here, none of Plaintiff's daily activities were sporadic, as Plaintiff stated her daily activities included caring for her personal needs independently, preparing her meals, doing laundry and cleaning, and spending time watching television and paying bills. (R. 60 (citing Exs. B4E, B9E, Plaintiff's testimony)); *see, e.g.*, *McBee v. Colvin*, No. 15-263-J, 2017 WL 1101884, at *1 n.1 (W.D. Pa. Mar. 23, 2017) (stating that daily activities such as caring for personal needs, going outside on a daily basis, preparing simple meals, and reading were not sporadic or transitory in nature). Moreover, analysis of daily activities was just one factor of many in evaluating the claimant's testimony. Thus, the Court finds Plaintiff's argument does not undermine the ALJ's decision.

Plaintiff's next contention is that the ALJ erred by classifying the objective findings as Plaintiff undergoing "conservative treatment" and that the ALJ conducted a lay analysis and made highly selective references to the record. (Doc. No. 10 at 27-30). However, Plaintiff's overlooks that an ALJ is permitted to – and in fact required to – consider the nature of a claimant's treatment history based on the evidentiary record. *See Myers v. Comm'r of Soc. Sec.*, 684 Fed. Appx. 186, 192 (3d Cir. 2017) (holding the ALJ appropriately discounted the treating physician's opinion, in part based on conservative treatment). Here, the ALJ stated that Plaintiff "has been treated conservatively with non-narcotic medications including muscle relaxers, gabapentin, and NSAIDs as well as various injections." (R. 65). Plaintiff posits that her treatment surpassed "conservative" and notes that she was not a candidate for further surgery after multiple failed spinal surgeries and due to her fibromyalgia pain. (Doc. No. 10 at 27). However, the ALJ considered this and noted that Plaintiff's "neurosurgeon did not recommend further surgery due to the primary nature of her back pain." (R. 65). Indeed, the ALJ further explained that "[t]he neurosurgeon explained to [Plaintiff] that surgery for back pain is not a good option for her and that surgery would mainly be treating her leg pain." (*Id.*). Additionally, the Court views Plaintiff's argument as to the ALJ "cherry-picking" evidence within the record as a request to reweigh the evidence, which the Court cannot do. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). Accordingly, Plaintiff's argument does not undermine the ALJ's decision, which is supported by substantial evidence.

---

Plaintiff next posits that the ALJ analyzed the opinion of Dr. Michael Platto, M.D., incorrectly. (Doc. No. 10 at 21-23). Specifically, Plaintiff contends that the ALJ failed to address most of the limitations described by Dr. Platto other than the lifting limitation and erred by finding Dr. Platto's opinion inconsistent and unsupported by the record. (*Id.* at 21-22). Further, Plaintiff posits that the ALJ's rationale that Dr. Platto's opinion did not align with findings of "no definite nerve root involvement or irritation and no consistent deficits of upper or lower extremity strength" is incorrect and an impermissible substitution of the ALJ's lay opinion to evaluate the raw clinical data. (*Id.* at 22-23). The Court rejects each of these arguments in turn.

The ALJ found Dr. Platto's opinion not persuasive. He analyzed Dr. Platto's opined limitations and stated the following:

> The undersigned has considered the medical opinion of physiatrist Dr. Platto including that she could lift a maximum of 10 pounds occasionally (Ex. B22F/161). The undersigned finds this medical opinion not persuasive. Dr. Platto did not offer an explanation for the degree of limitation on lifting or reference objective findings to support that limitation. Likewise, the limitation is not consistent with the overall objective findings including degenerative spinal changes but no definite nerve root involvement or irritation and no consistent deficits of upper or lower extremity strength, grip strength, or hand and finger dexterity other than with regard to small buttons, as discussed in detail above. It is also not consistent with the claimant's activities of daily living including being able to independently care for her personal needs, clean, and shop in stores, as discussed in detail above.

(R. 69-70). Considering this, the Court finds the ALJ addressed all of Dr. Platto's opined limitations and properly found this opinion unpersuasive using the consistency and supportability factors. As shown above, the ALJ explained that he "considered the medical opinion of psychiatrist Dr. Platto *including* that she could lift a maximum of 10 pounds occasionally[.]" (R. 69) (emphasis added). In this way, the ALJ considered all of Dr. Platto's opined limitations. The ALJ found this opinion not persuasive because it was not supported by any explanation or reference to objective findings for the degree of lifting limitation and it was not consistent with the overall objective findings. (R. 70). This analysis was sufficient to address the supportability and consistency factors necessary to explain how the ALJ determined the persuasiveness of this opinion. *See* 82 Fed. Reg. at 5853; *see also* 20 C.F.R. §§ 404.1520c(b) and (c). Accordingly, the ALJ's analysis of Dr. Platto's opinion is supported by substantial evidence.

The Court also finds that the ALJ did not substitute his own lay opinion in analyzing Dr. Platto's opinion. Plaintiff takes issue with the ALJ's rationale that Dr. Platto's

opinion did not align with findings of "no definite nerve root involvement or irritation and no consistent deficits of upper or lower extremity strength." (Doc. No. 10 at 22-23 (quoting R. 70)). Plaintiff contends this was a speculative inference. (*Id.* at 23). However, Plaintiff ignores that the ALJ mentioned that there was no definite nerve root involvement several times in his decision. (R. 63, 65, 68, 69, 70). Indeed, the record reveals that Plaintiff's MRIs showed no mention of nerve root involvement; only some of the MRIs showed disc bulge abutting nerve roots. (R. 63; *see* R. 530, 535, 561-62, 573-74, 704, 708, 831, 837-38, 843-44, 846-47, 1116-17). Further, the ALJ's mention that there was no irritation and "no consistent deficits of upper or lower extremity strength" is likewise supported by the record. (*See* R. 488, 508, 542, 556, 592, 763, 904-5, 976, 1051-52, 1149-50, 1194, 1207). Moreover, the ALJ did not imply that Dr. Platto's opinion ***must*** align with any specific diagnostic finding; he merely considered the opinion's inconsistency with this finding relevant in evaluating Dr. Platto's opinion. Accordingly, the Plaintiff has failed to show how this rationale was speculative or a substitution of the ALJ's lay opinion.

Plaintiff next argues that the ALJ erred by rejecting Michelle Cohen, CRNP's opinion. (Doc. No. 10 at 23-25). Plaintiff points out that the ALJ erred by rejecting Ms. Cohen's opinion because, in the ALJ's view, Ms. Cohen's opinion was based primarily on Plaintiff's "subjective reports of symptoms and [Ms. Cohen] did not support the degree of limitations with an explanation referencing objective findings." (*Id.* at 23 (quoting R. 71)). For example, the ALJ found that the degree of Ms. Cohen's opined limitations was not warranted because Plaintiff's treatment did not include inpatient treatment or hospitalization. (Doc. No. 10 at 23). Plaintiff contends this explanation was in error because Ms. Cohen, as Plaintiff's treating psychiatric care provider, provided limitations that are inherently subjective as they relate to psychiatric impairments. (*Id.* at 24). Additionally, Plaintiff contends that no SSA authority requires a claimant to show a history of inpatient psychiatric care to prevail on a disability insurance benefits ("DIB") claim. (*Id.*). The Court rejects all of Plaintiff's arguments as to Ms. Cohen's opinion for the following reasons.

The ALJ's explanation that Ms. Cohen's opinion was generally not persuasive because it was not supported by an explanation referencing objective findings was a proper supportability analysis of this opinion. Ms. Cohen assessed that Plaintiff had numerous serious, marked, and extreme limitations in a checkbox form. (R. 1263-67). The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993). Here, the ALJ correctly acknowledged that Ms. Cohen's opinion was not properly supported as she merely filled out the check box form and did not provide any explanation with reference to objective findings. (R. 1264 (showing Ms. Cohen left blank any answer to the prompt "[e]xplain limitations falling in the three most limited categories . . . and include the medical/clinical findings that support

this assessment[.]")). The ALJ also adequately analyzed the supportability of this opinion, pointing out that Ms. Cohen did not support her opined limitations by reliance on any objective findings. (R. 71). Accordingly, Plaintiff's argument on this point fails.

Additionally, while Plaintiff correctly states that a history of inpatient psychiatric care is not required to prevail on a DIB claim, it was proper for the ALJ to consider this when analyzing Plaintiff's claim. Indeed, the ALJ must consider the frequency of a claimant's impairment-related hospitalizations and medical appointments when determining if the claimant is disabled. *See Kangas v. Bowen*, 823 F.2d 775, 778 (3d Cir. 1987) (holding that the ALJ should have considered the claimant's eight hospitalizations in a sixteen-month period when formulating an RFC finding). Here, the ALJ noted that Plaintiff had "not yet pursued outpatient counseling or therapy and she has not reported to the emergency room with any uncontrolled symptoms or behaviors or require[d] inpatient treatment or partial hospitalization." (R. 67). This, along with other evidence within the record, led the ALJ to logically conclude that Plaintiff was not disabled and had the RFC to understand and remember simple instructions, use judgment to make simple work-related decisions, and tolerate only occasional changes in routine work setting. (R. 60). Plaintiff's argument is akin to her issue with the ALJ's characterization of her treatment as "conservative." That argument has been rejected, as stated above, and will similarly be rejected here.

Lastly, Plaintiff asserts that the ALJ incorrectly rejected Mary Hodgson, CRNP's opinion. (Doc. No. 10 at 25-27). Plaintiff contends that the ALJ rejected Ms. Hodgson's opinion because, in the ALJ's view, (1) she "offered only a minimal explanation for the degree of limitations offered, with no reference to objective findings[;]" (2) her opinion was inconsistent with findings of "no clear nerve root involvement or irritation or the clinical findings showing full strength and no consistent deficits of gait other than a recently antalgic gait, reflexes, sensation, or range or motion[;]" (3) her opinion was inconsistent with Plaintiff's "conservative treatment history including medication and injections[;]" and (4) she did not provide enough support for the limitations related to absenteeism and "low stress" jobs. (*Id.* at 25). Plaintiff posits that the ALJ was incorrect in each of these rationales. The Court disagrees for the following reasons.

Plaintiff contends the ALJ erred in finding that Ms. Hodgson did not reference any objective findings, but Plaintiff fails to adequately identify the objective findings purportedly contained in her evaluation. (Ex. B6F). Indeed, as the ALJ stated, Ms. Hodgson provided only minimal explanation for the degree of limitations offered. (*Id.*; R. 69). Plaintiff points to many of her reports to Ms. Hodgson as "objective findings[,]" but this confuses claimant reports for objective evidence. *See Hatton*, 131 Fed. Appx. at 879. Plaintiff also alleges that Ms. Hodgson emphasized that Plaintiff's symptoms were supported by MRI and x-ray imaging studies. (Doc. No. 10 at 25 (citing R. 525)). But, upon careful review of Ms. Hodgson's opinion, Ms. Hodgson merely referenced Plaintiff's

2016 MRI, 2017 lumbar spine x-ray, and multiple medications prescribed to Plaintiff in response to the question asking Ms. Hodgson to "describe the treatment [Plaintiff endured] and [her] response" without explanation as to how these supported Ms. Hodgson's opined limitations. (R. 525). Accordingly, the ALJ's analysis of this opinion is supported by substantial evidence.

Plaintiff again points to the ALJ's rational involving "no clear nerve root involvement or irritation." (Doc. No. 10 at 25). The Court again rejects this argument for the reasons explained above. Plaintiff adds that the rationale is incorrect to the extent it includes Ms. Hodgson's opinion was inconsistent with "clinical findings showing full strength and no consistent deficits of gait other than a recently antalgic gait, reflexes, sensation, or range of motion." (*Id.*). Plaintiff does not point to any evidence in the record contradicting this statement and, indeed, the Court is unable to find any evidence contradicting this. As Defendant points out, there is ample evidence in the record supporting this statement. (Doc. No. 13 at 24-25).

Plaintiff argues again that the ALJ's reference to her "conservative treatment" was in error. (Doc. No. 10 at 25-26). The Court again rejects this argument for the reasons explained above.

Plaintiff next contends that the ALJ erred by not comparing the consistency of Ms. Hodgson's opined absenteeism limitations with those opined by Ms. Cohen, which were identical. (Doc. No. 10 at 26-27). Plaintiff contends this was in error, as 20 C.F.R. 404.1520c(a) requires such a consistency analysis. However, as Defendant points out, this regulation does not require the ALJ to discuss the extent to which a particular medical opinion is consistent with every piece of the record. Further, it is questionable whether opinions as to how many days of work a claimant will miss, such as those offered here, truly constitute medical opinions. *See Rush v. Comm'r of Soc. Sec.*, No. CV 18-10612, 2018 WL 6175374, at *3 (E.D. Mich. Oct. 5, 2018); *Long v. Berryhill*, No. 1:16-CV-485-CHS, 2018 WL 1162621, at *5 (E.D. Tenn. Mar. 5, 2018); *Stojic v. Comm'r of Soc. Sec.*, No. 1:14-CV-1133, 2015 WL 9238986, at *4 (W.D. Mich. Dec. 17, 2015) (stating that "predictions of how often Plaintiff would likely be off task and miss work were conjecture, not a medical opinion"). Thus, Plaintiff's argument on this point does not undermine that substantial evidence supports the ALJ's decision.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record